Jeffrey Dweck (JD 6658)
THE LAW FIRM OF JEFFREY S. DWECK, P.C.
100 West 33rd Street, Suite 1017
New York, New York 10001
(212) 502-6150
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **VAN CLEEF & APRELS LOGISTICS, S.A. and VAN CLEEF & ARPELS, INC.,** | Case No.   08 CIV 5169 (SAS) |
| **Plaintiff,** | |
| -against- | |
| | **ANSWER AND AFFIRMATIVE DEFENSES** |
| **VICCARIO FINE JEWELRY; and JOHN DOES 1-10,** | |
| **Defendants,** | |

Defendants, by their attorneys, The Law Firm of Jeffrey S. Dweck, P.C., for their Answer to the Complaint, and for their Affirmative Defenses, allege as follows:

1. Defendants deny any factual allegations set forth in Paragraph 1 of the Complaint and otherwise assert that the allegations contained in Paragraph 1 of the Complaint do not constitute factual allegations warranting an answer.

2. Defendants deny any factual allegations set forth in Paragraph 2 of the Complaint and otherwise assert that the allegations contained in Paragraph 2 of the Complaint do not constitute factual allegations warranting an answer.

3. Defendants deny any factual allegations set forth in Paragraph 3 of the Complaint and otherwise assert that the allegations contained in Paragraph 3 of the Complaint do not constitute factual allegations warranting an answer.

4. Defendants deny any factual allegations set forth in Paragraph 4 of the Complaint and otherwise

assert that the allegations contained in Paragraph 4 of the Complaint do not constitute factual allegations warranting an answer.

5. Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Complaint.

6. Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of the Complaint.

7. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 7 of the Complaint and otherwise assert that the allegations contained in Paragraph 7 of the Complaint do not constitute factual allegations warranting an answer.

8. With respect to the allegations contained in Paragraph 8 of the Complaint, Defendants admit only that Viccario Fine Jewelry is a business conducting business within the City and State of New York.

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint as they related to Viccario and otherwise lack knowledge or information sufficient to form a belief as to the allegations contained in said paragraph.

10. Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Complaint.

11. Defendants deny any factual allegations set forth in Paragraph 11 of the Complaint and otherwise assert that the allegations contained in Paragraph 11 of the Complaint do not constitute factual allegations warranting an answer.

12. Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants repeat their responses, above.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants repeat their responses, above.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants repeat their responses, above.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

## AS AND FOR ITS AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

39. The Complaint fails to state a claim for which relief can be granted, including, without limitation, for unfair competition.

### SECOND AFFIRMATIVE DEFENSE

40. The Plaintiff lacks standing to maintain each count contained in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

41. The subject work is not the proper subject of United States copyright protection as demanded by plaintiff in the Complaint as the same constitutes uncopyrightable subject matter in that, inter alia, copyright protection for an original work of authorship does not extend to a procedure or process, the subject work is otherwise of a nature that is uncopyrightable.

### FOURTH AFFIRMATIVE DEFENSE

42. Upon information and belief, the subject work bears sufficient similarity to a prior work in the public domain, or otherwise lacks originality, thereby defeating the copyright protection demanded in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

43. Regardless of Plaintiff's alleged copyright, Defendant has incurred no liability for actual or statutory damages in that the subject work contained no copyright notice as provided by the statutory (and otherwise required) provision(s) pertaining to its copyright at all relevant times complained of.

### SIXTH AFFIRMATIVE DEFENSE

44. Upon information and belief, Plaintiff's alleged copyright is invalid, in that Plaintiff failed to comply with the statutory requirements for securing copyright protection, including the proper

application at the relevant times as alleged in the Complaint, the affixing of proper notice and the due deposit of the copyright.

### SEVENTH AFFIRMATIVE DEFENSE

45. Upon information and belief, the subject work bears a common source to the alleged work(s) of the defendant sufficient to defeat the copyright protection demanded in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

46. The allegedly copyrighted work, if used by the defendant, was so done under the doctrine of "fair use."

### NINTH AFFIRMATIVE DEFENSE

47. Plaintiff's common law and state claims are preempted by federal law.

### TENTH AFFIRMATIVE DEFENSE

48. Plaintiff has not suffered any damages as a result of the acts alleged to have been committed by Defendant.  No valid claim alleged by Plaintiff against Defendant arises under the Federal Declaratory Judgments Act or Federal or New York law.

### ELEVENTH AFFIRMATIVE DEFENSE

49. Plaintiff's claims are barred because Plaintiff would be unjustly enriched if allowed to recover all or any part of the damages or remedies alleged in the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

50. On information and belief, Plaintiff has failed to mitigate damages Plaintiff claims were allegedly suffered or to be suffered.

### THIRTEENTH AFFIRMATIVE DEFENSE

51. Upon information and belief, Plaintiff delayed in bringing this action, which period of time was unreasonable under the circumstances, and that such delay operated to the detriment of the Defendant and that Plaintiff knew of the activities of the Defendant, and yet failed to inform

Defendant of any intention on its part to sue for copyright infringement or unfair competition.

### FOURTEENTH AFFIRMATIVE DEFENSE

52. Therefore, Plaintiff is guilty of laches and should be barred from maintaining this action.

### FIFTEENTH AFFIRMATIVE DEFENSE

53. Even if Defendant infringed Plaintiff's alleged copyright, Plaintiff should still be estopped to assert any such infringement, because, upon information and belief, Plaintiff was at all times fully apprised of the activities alleged in Plaintiff's Complaint to constitute infringement, which activities continued over a period of several months or years, and yet at no time made any objection thereto or in any other way gave Defendant reason to believe its activities constituted infringement of any alleged copyright of Plaintiff's; and because Defendant did not in fact believe its activities constituted infringement of any copyright or other right held by Plaintiff, and relied on Plaintiff's inaction with knowledge of Defendant's activities and in making substantial investments in furtherance thereof.

### SIXTEENTH AFFIRMATIVE DEFENSE

54. Plaintiff failed to timely serve process and file proof of service in this action.

### SEVENTEENTH AFFIRMATIVE DEFENSE

55. Plaintiff has unclean hands.

Dated:      New York, New York
            July 24, 2008

Jeffrey Dweck (JD 6658)
THE LAW FIRM OF JEFFREY S. DWECK, P.C.
100 West 33rd Street – Suite 1017
New York, New York 10001
(212) 502-6150
Attorneys for Defendant

To:  Milton Springut, Esq.
     Tal S. Benschar, Esq.
     KALOW & SPRINGUT LLP
     488 Madison Avenue, 19th Floor
     New York, NY 10022
     Tel: (212) 813-1600